IN WILKES SUPERIOR COURT, JULY, 1832.

## HENRY SPRATLIN *vs.* WILLIAM HUDSPETH.

### *Debt.*

AN execution had been levied upon the property of one Simeon Echols, which had been claimed by Richard Hudspeth, father of the defendant, with Henry Spratlin the plaintiff security, subsequent to the execution of the bond,

*Margin note: If a bond be joint and several, the party for whose benefit it was made may sue either*

WILKES,
July, 1832.

SPRATLIN
v.
HUDSPETH.

or both obligors
at his election.

In an action
on a bond to
save harmless
a security on
another bond, it
is sufficient that
the record shows
the security to
have been dam-
nified, and the
evidence upon
which he be-
came damnified
need not be pro-
duced.

which was to prosecute the claim and to deliver the property, if the claim of Richard Hudspeth should not be established : William Hudspeth, the defendant, gave as a security to his father, a bond to indemnify and save harmless the plaintiff from loss or damage in consequence of the bond he had executed as security to Richard Hudspeth. Plaintiff offered in evidence, a writ and judgment by which he had been adjudged to pay the sum of $100 in consequence of the non delivery of the property ; and offered the plaintiff in that action to prove the receipt of the money recovered in the last action. Defend-ant's counsel objected to the admissibility of the evidence, al-leging that the execution ought to be produced. It was fur-ther objected, that in the action brought against the plaintiff, Richard Hudspeth was joined in the writ, but was not serv-ed. It was still further objected, that in the present action, Richard Hudspeth was not joined with the defendant. To which it was replied, that the bonds were joint and several ; that plaintiff had a right to elect whether he would consider the bond joint or several. That he had elected to consider the bond several. It was further alleged by plaintiff's coun-sel, that Richard Hudspeth, the principal in both bonds, had run away and could not be served. The defendant's counsel then objected that the judgment was no evidence in this case That defendant was neither party or privy to the action in which the judgment had been rendered, and that his rights ought not to be affected by the judgment. That the bond of indemnity was given, to save plaintiff harmless from the con-sequences of the claim, and non delivery of the property, and that the recovery against the plaintiff was for the non delivery of the property. That it was incumbent on the plaintiff now to produce the evidence of the breach of the condition of the bond which was the foundation of the judgment now tender-ed. That if this was done, the defendant would have the right of cross examining the witnesses and offering rebutting evidence, which had heretofore not been the case. It was admitted that the bonds were joint and several, and that the obligees had a right to elect whether they should be joint or several, and that Richard Hudspeth had run away.

By the court.—It has been contended, that the action in which the judgment was obtained and is now the foundation of this action should have been against Richard Hudspeth, and the present plaintiff. Two reasons have been assigned why the action was not so prosecuted ; either of which is valid in law. The second objection is answered by the same allegation, viz. that the bond was joint and several, and that the principal obligor had run away. To the objection that the judgment against the present plaintiff is no evidence of the breach of the condition of the bond of the defendant, and that he was not a party or privy to the action in which that breach was established by the records of the court, is of no

avail in the present case. The bond was to indemify and save the plaintiff harmless, from the consequences of a bond he had executed jointly with the plaintiff's father. When he executed that bond, he knew that he could not be a party to the action upon the bond given by the plaintiff as security to his father. The condition of that bond was to save the present plaintiff harmless. Has he complied with that condition? The record says he has not; the original plaintiff says he has not. But he contends that the plaintiff shall now produce the evidence upon which judgment was rendered against him for $100. Has he a right to this evidence. Between the rendition of that judgment and the trial of this issue, the witnesses by whom the breach of the condition of the bond was established may have died. The condition of his bond was not that the original plaintiff should prove to his satisfaction that the plaintiff's bond had not been performed, but that the present plaintiff should suffer no loss or damage from entering into that bond. The plaintiff has proven both by written and oral testimony, that he has suffered loss to the amount of $100, which he has a right to recover in this action. Objections overruled.